**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| International Markets Live, Inc. d/b/a iMarketsLive,<br><br>　　　　Plaintiff<br><br>v.<br><br>Scott Huss,<br><br>　　　　Defendant | Case No.: 2:20-cv-00866-JAD-BNW<br><br>**Order Denying Without Prejudice Emergency Ex Parte Motion for Temporary Restraining Order and Request for Hearing on Preliminary Injunction**<br><br>[ECF No. 5] |

　　　　International Markets Live, Inc. d/b/a iMarketsLive contends that it operates a subscription-based multi-level marketing platform that offers technology, education, and research about foreign currency and cryptocurrency trading to its subscribers.[1] IML alleges that it engages independent contractors who sell subscriptions to its products and services.[2] IML sues one of its former contractors, Scott Huss, alleging that Huss breached the independent-contractor agreement between them, misappropriated IML's trade secrets, defamed IML, tortuously interfered with IML's contracts with other independent contractors and subscribers, and tortuously interfered with IML's prospective relationships with contractors and subscribers.[3]

　　　　IML moves on an emergency and ex parte basis for an order temporarily restraining Huss from (1) conducting business with, accepting employment from, or providing services to any present or past IML independent contractor or subscriber; (2) recruiting IML's contractors or

---

[1] ECF No. 1 at ¶ 5 (complaint).
[2] *Id.* at ¶ 7.
[3] *Id.* at ¶¶ 22–56.

subscribers to "violate their contracts with IML" or "misappropriate IML's confidential or trade-secret information; and (3) using or disclosing IML's confidential or trade-secret information, recruiting IML's independent contractors or subscribers for competing businesses, or offering professional services to any person.[4] IML also seeks an order requiring Huss to return to IML any of its confidential or trade-secret information that he retained.[5] And it request that the court require Huss to show cause why the temporary restraining order—if one is entered—should not be converted into a preliminary injunction.[6]

For the reasons set forth below, I find that IML has not demonstrated that immediate and irreparable injury, loss, or damage will result if Huss is allowed to be heard in opposition on the motion for a temporary restraining order. I therefore deny IML's motion without prejudice to its ability to reurge its requests for a temporary restraining order and show-cause hearing on its request for injunctive relief with proper notice to Huss.

**Discussion**

Rule 65 of the Federal Rules of Civil Procedure authorizes a district court to "issue a temporary restraining order without written or oral notice to the adverse party or its attorney[,]" but only if two conditions are met.[7] First, specific facts that "clearly show that immediate and irreparable, loss, or damage will result to the movant before the adverse party can be heard in opposition" must be established by affidavit or verified complaint.[8] Second, "the movant's

---

[4] ECF No. 5.
[5] *Id.*
[6] *Id.*
[7] Fed. R. Civ. P. 65(b)(1).
[8] *Id.* at 65(b)(1)(A).

2

attorney" must certify "in writing any efforts made to give notice and the reasons why it should not be required."[9]

The Supreme Court has instructed that ex parte "temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."[10] "In cases where notice could have been given to the adverse party, courts have recognized 'a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'"[11] To meet this standard, the plaintiff "'must show that defendants would have disregarded a direct order and disposed of [evidence] within the time it would take for a hearing'" by providing evidence that the adverse party has "a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history.'"[12]

IML's evidence does not show either that Huss has a history of disposing of evidence or violating court orders or that people in a position similar to his—accused of poaching employees and customers and misappropriating confidential and trade-secret information—have such a history. IML's counsel also failed to provide an affidavit or declaration certifying any efforts made to give Huss notice and why such notice should not be provided. Thus, IML has not met

---

[9] *Id.* at 65(b)(1)(B).

[10] *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974).

[11] *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1979)).

[12] *Id.* (quoting *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650–51 (6th Cir. 1993)).

the demanding burden to obtain the extraordinary remedy of a temporary restraining order without notice.

### Conclusion

IT IS THEREFORE ORDERED that IML's emergency ex parte motion for temporary restraining order and request for hearing on preliminary injunction **[ECF No. 5] is DENIED without prejudice** to IML's ability to reurge its requests for a restraining and show-cause order with the proper notice to Huss.

_____
U.S. District Judge Jennifer A. Dorsey
May 20, 2020