**HAYES | WAKAYAMA**
DALE A. HAYES, JR., ESQ.
Nevada Bar No. 9056
LIANE K. WAKAYAMA, ESQ.
Nevada Bar No. 11313
4735 S. Durango Drive, Ste. 105
Las Vegas, Nevada 89147
(702) 656-0808 – Telephone
(702) 655-1047 – Facsimile
dhayes@hwlawNV.com
lkw@hwlawNV.com
*Attorneys for Defendant Scott Huss*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| INTERNATIONAL MARKETS LIVE INC., dba iMARKETSLIVE,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>SCOTT HUSS, an individual,<br><br>　　　　　　　　Defendant. | Case Number:<br>2:20-cv-00866-JAD-BNW<br><br>**DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**<br><br>**ORAL ARGUMENT REQUESTED** |

　　　　Pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, Defendant Scott Huss, by and through his attorneys of record, Dale A. Hayes, Jr., Esq. of the law firm of Hayes Wakayama, respectfully moves the Court for dismissal of the Complaint for lack of personal jurisdiction.  Alternatively, Defendant requests transfer of this matter to the United States District Court, Southern District of Florida.  This Motion is made and based on all the papers and pleadings on file herein, the attached memorandum of points and authorities, the attached Exhibits and upon any oral argument that may be allowed at the time of hearing of this Motion.

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Respectfully, this Court may not exercise personal jurisdiction over Scott Huss. Mr. Huss is a resident of Florida and has no ties whatsoever to the State of Nevada. Mr. Huss has never lived in Nevada, has never done any business in Nevada, and does not own any real property in Nevada.

Plaintiff, a New York corporation, has alleged that Mr. Huss entered into an online contract with Plaintiff and breached that contract by allegedly posting defamatory statements about Plaintiff on Mr. Huss's Instagram account and by allegedly soliciting Plaintiff's clients and potential clients so as to compete with Plaintiff's business, a multi-level marketing company dependent upon "downlines" to create revenue. There is no nexus between any of the alleged activity and the State of Nevada.

Plaintiff's connection with Nevada is tenuous at best. Plaintiff is incorporated in New York, has its principle offices in New York, and is licensed to do business in New York. While Plaintiff claims to have "offices" in Nevada, it does not appear to be licensed to do business in Nevada. The agreement Plaintiff claims Mr. Huss entered into and breached contains a choice of law provision and a jurisdictional and venue selection of New York.[1]

The prevailing case law, as set forth by the U.S. Supreme Court, the Ninth Circuit Court of Appeals, and this District Court requires a finding that there is no personal jurisdiction over Mr. Huss in this case. Accordingly, Mr. Huss requests this matter be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

---

[1] Mr. Huss references the choice of law provision referenced in Plaintiff's exhibit only to demonstrate the availability of alternative forums and to demonstrate Plaintiff's lack of good faith in bringing this claim in Nevada. Mr. Huss specifically reserves the right to raise arguments as to the validity and/or unenforceability of the IBO agreement and its various provisions.

Furthermore, and as set forth more fully below, the District Court of Nevada is not a proper venue for the adjudication of this dispute, and dismissal of this case pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure is likewise appropriate.

## II.   STATEMENT OF FACTS.

In its Complaint, Plaintiffs purports to set forth claims of Breach of Contract, Violation of the Uniform Trade Secrets Act, Defamation Per Se, Tortious Interference with Contractual Relations, and Tortious Interference with Prospective Economic Advantage. In its Motion for Preliminary Injunction, Plaintiff attaches a copy of an "IBO Agreement" and specifically claims that Mr. Huss "completed the online application to become an IBO and clicked the checkboxes regarding the Terms and Conditions of becoming an IBO." (*See* ECF No. 9, p. 4). Plaintiff has also submitted a declaration from its Vice President, Mr. Jason Brown, and various screenshots of Mr. Huss's alleged posts on his Instagram account, claiming that Mr. Huss defamed Plaintiff and sought to solicit Plaintiff's customers in an effort to compete with Plaintiff in its. (*See* ECF No. 9-1). Plaintiff states that it is a "multi-level marketing company" that "provides its customers with educational tools and information to trade foreign and crypto currencies…under a direct sales model and are offered to individuals on a subscription basis." (*See* ECF No. 9-1, p. 2).

Plaintiff does not allege that its principle place of business or "nerve center" is in Nevada; rather, it merely states that it has "corporate offices in Las Vegas, Nevada." (*See* ECF No. 1., p. 1). However, according to Plaintiff's website, only a New York address is listed, and there is no record of Plaintiff being registered to conduct business in the State of Nevada. (*See* **Exhibit 1**, iMarketslive.com webpage and Nevada Business Portal).

Plaintiff acknowledges that Mr. Huss is a resident of Florida. (*See* ECF No. 1, p. 1). Plaintiff does not allege that Mr. Huss targeted any of its clients or potential clients in Nevada. (*See* ECF No. 1). Instead, Plaintiff merely claims that Mr. Huss "conducts business in Nevada." (*See* ECF No. 1).

Mr. Huss does not "conduct business in Nevada." (*See* **Exhibit 2**, Huss Decl.,) Mr. Huss has never lived in, nor has a primary residence or business in, Nevada and does not own any investment property in Nevada. *Id.* Other than Plaintiff's suit, Mr. Huss has no jurisdictionally relevant contacts with the State of Nevada. *Id.*

### III.  LEGAL ARGUMENT.

This case must be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015. Nevada's long-arm statute is co-extensive with federal standards, providing that "A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States." N.R.S. 14.065. "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts." *Walden v. Fiore,* 571 U.S. 277, 283 (2014); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980).

For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "certain minimum contacts…such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore,* 571 U.S. at 283; *International Shoe Co v. Washington,* 326 U.S. 310, 316 (1945).

### A.  Mr. Huss Has Not Submitted to the General Jurisdiction of Nevada.

"General jurisdiction…permits a court to hear any and all claims against a defendant, whether or not the conduct at issue has any connection to the forum." *Ranza v. Nike, Inc.,* 793 F.3d 1059, 1068 (9th Cir. 2015).  Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an "exacting standard" for the minimum contacts

required. *CollegeSource, Inc. v. AcademyOne, Inc.,* 653 F.3d 1066, 1074 (9th Cir. 2011). "[G]eneral jurisdiction requires **affiliations** so continuous and systematic as to render the foreign corporation **essentially at home in the forum State**, i.e., comparable to a domestic enterprise in that State." *Daimler AG v. Bauman,* 134 U.S. 117, 132-33 (2014) (emphasis added). "Constant and pervasive" contacts are required. *Id.* at 122. The U.S. Supreme Court has specifically rejected the notion that general jurisdiction is appropriate wherever a defendant "does business." *Id.* at 137-138.

In this case, it is undisputed that Mr. Huss is a resident of Florida. The mere allegation that he "does business," as an individual, in Nevada is insufficient to establish general personal jurisdiction, and the exercise of general jurisdiction over Mr. Huss in this instance would be wholly inappropriate.

### B. Nevada Courts May Not Exercise Specific Personal Jurisdiction Over Mr. Huss.

In order for this Court to exercise specific personal jurisdiction over Mr. Huss, "[t]he inquiry…focuses on 'the relationship among the defendant, the forum, and the litigation." *Walden,* 571 U.S. at 283-284. "First, the relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.*, *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985). Due process limits on the State are designed to protect the liberty of the nonresident defendant – not the convenience of the plaintiff. *Walden,* 571 U.S. at 284. Accordingly, the "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). For example, the U.S. Supreme Court rejected a plaintiff's argument that a Florida court could exercise personal jurisdiction over a trustee in Delaware based solely on the contacts of the trust's settlor, who was domiciled in Florida and who had executed powers of appointment there. *Hanson v. Denckla*, 357 U.S. 235, 253-54 (1958).

Additionally, the "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, **not** the defendant's contacts with persons who reside there. *Walden*, 571 U.S. at 285.

> [T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him. *Id.* (finding Nevada could not exercise personal jurisdiction over an individual defendant merely because his actions allegedly affected Nevada residents); *see also Burger King Corp.,* 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.")

The contacts cannot be "random, fortuitous, or attenuated." *Walden*, 571 U.S. at 286; *see also Burger King Corp.,* 471 U.S. at 475 (a defendant must have "purposefully availed" himself of the privilege of conducting activities within the forum State, creating a "substantial connection" with the State and "deliberately engaged in significant activities within a State for the contacts to go beyond random, fortuitous or attenuated). In the context of intentional torts, the exercise of jurisdiction over a nonresident defendant must be predicated upon intentional conduct by the defendant that **creates** the necessary contacts with the forum. *Id.*

Additionally, Plaintiff must demonstrate that 1) Mr. Huss "performed some act or consummated some transaction with the forum by which it purposefully availed [himself] of the privilege of conducting business in Nevada;" 2) that Plaintiff's claims "arise out of or result from" Mr. Huss's "forum-related activities;" and 3) that "the exercise of jurisdiction must be reasonable." *See Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

> In determining whether the exercise of jurisdiction over a nonresident defendant comports with fair play and substantial justice, we must consider seven factors: (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an

alternative forum. *Core-Vent Corp. v. Nobel Industries AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993).

In the case at bar, Plaintiff cannot demonstrate that the exercise of specific personal jurisdiction is appropriate here. Plaintiff has alleged that it is a non-resident, New York corporation. (*See* ECF No. 1, ¶1). Although it alleges that it has "corporate offices" in Las Vegas, Nevada, its website reflects only a New York address, and there is no record of International Markets Live, Inc. or of iMarketsLive being registered to conduct any business in the State of Nevada. (*See* **Exhibit 1**, iMarketslive.com webpage and Nevada Business Portal); *See* 28 USC §1332(c)(1) ("A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its **principle place of business.**"); *see also Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (finding that a corporation's principal place of business is its "nerve center" and that a corporation's "nerve center" is usually its main headquarters.)

Likewise, Plaintiff acknowledges that Mr. Huss is a non-resident of Nevada, admitting that Mr. Huss is an individual residing in Florida. (*See* ECF No. 1, ¶2). In Plaintiff's Motion for a Preliminary Injunction, Plaintiff states, "Huss was an IBO for IML. He completed the **online application** to become an IBO and **clicked the checkboxes** regarding the Terms and Conditions of becoming an IBO." (*See* ECF No. 9, p. 4) (emphasis added). Plaintiff alleges that Mr. Huss has breached his IBO agreement with Plaintiff by competing with Plaintiff and by soliciting other IBOs and traders from Plaintiff's business. (*See* ECF No. 1, Complaint, p. 3-4). Plaintiff also alleges that Mr. Huss made defamatory statements about Plaintiff "on the internet" and that Mr. Huss reached out to Plaintiff's customers in an effort to recruit them to his own individual business. (*See* ECF No. 1, p. 6).

**There is no allegation that Mr. Huss has any contacts in Nevada.** Plaintiff admits that it is a New York Corporation, that Mr. Huss is a Florida resident, and that the alleged contract at issue was completed online by "clicking boxes." Indeed, like the individual

defendant in *Walden,* Mr. Huss has never conducted business activities within, entered into any contracts in, or sent anything or anyone to Nevada. (*See* **Exhibit 2**, Huss Decl.).

**None of Mr. Huss's alleged actions connect him to Nevada**. The alleged tortious activities (i.e., allegedly posting of statements or advertisements on the internet and/or allegedly soliciting Plaintiff's clients) have no connection with Nevada. *See, e.g.*, *Boschetto v. Hansing,* 539 F.3d 1011, 1019 (9th Cir. 2008) ("[t]raditional jurisdictional analyses are not upended simply because a case involves technological developments that make it easier for parties to reach across state lines. The use of eBay no doubt made it far easier to reach a California buyer, but the ease with which Boschetto was contacted does not determine whether the nature and quality of the Defendants' contacts serve to support jurisdiction."); *see also Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) ("However, so far as we are aware, no court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state. Rather, in each, there has been 'something more' to indicate that the defendant purposefully (albeit electronically) directed his activity in a substantial way to the forum state."); *see also Medinah Mining, Inc. v. Amunategui,* 237 F.Supp.2d 1132, 1136 (D. Nev. 2002) ("[T]here is no evidence that Ingram did any business with anyone in Nevada or that he directed his allegedly defamatory comments at Nevada. He posted messages on a website that could be accessed by anyone around the world who had access to the Internet. There is no evidence that any Nevada resident actually did access the alleged defamation. Moreover, Price is a citizen of Canada and Medinah is headquartered in California, with its operations in Chile, which makes the inference that Ingram's alleged defamation was directed at Nevada even more tenuous.") Accordingly, Plaintiff has failed to demonstrate that Mr. Huss "created contacts in Nevada," "purposefully availed" himself to the laws of Nevada, or engaged in any "forum related activities."

Further, Plaintiff's tenuous connection with a New York corporation that has "corporate offices" in Nevada is insufficient to establish specific personal jurisdiction in case.

*See Walden,* 571 U.S. at 289. In *Walden,* the U.S. Supreme Court specifically rejected this claim, stating:

> Petitioner's actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiff whom he knew had Nevada connections. Such reasoning improperly attributes a plaintiff's forum connections to the defendants and makes those connections 'decisive' in the jurisdictional analysis. It also obscures the reality that none of petitioner's challenged conduct had anything to do with Nevada itself. *Id.*

Indeed, the exercise of specific personal jurisdiction over Mr. Huss would not be reasonable and would not comport with traditional notions of fair play and substantial justice. Mr. Huss has not purposefully injected himself into Nevada's affairs, and the burden on Mr. Huss, a Florida resident, of litigating in Nevada is substantial. Nevada has very little interest in adjudicating a dispute between a New York corporation and a Florida resident, and Plaintiff has failed to show that Nevada has any particular importance to Plaintiff's interest in obtaining convenient or effective relief. Last, alternative forums (including the Southern District of Florida) exist to adjudicate Plaintiff's claim. Moreover, the purported IBO contract attached to Plaintiff's Motion for Preliminary Injunction states "8.7 Governing Law. Subject to and without waiving the terms set forth…above, **jurisdiction and venue of any controversy or claim arising from the Agreement or between IML and IBO shall be in New York City, New York**. The law of the State of New York shall govern all matters relating to or arising from the Agreement or between IML and IBO." (*See* ECF No. 9-1, p. 20) (emphasis added).[2]

Plaintiff has failed to demonstrate that Mr. Huss has formed any jurisdictionally relevant contacts with Nevada and has failed to demonstrate that Mr. Huss has purposefully availed himself to the laws of Nevada. Plaintiff cannot show that its claims are related to any of Mr. Huss's "forum related activities." Finally, the exercise of specific personal jurisdiction

---

[2] Mr. Huss references the choice of law provision referenced in Plaintiff's exhibit only to demonstrate the availability of alternative forums and to demonstrate Plaintiff's lack of good faith in bringing this claim in Nevada. Mr. Huss specifically reserves the right to raise arguments as to the validity and/or unenforceability of the IBO agreement and its various provisions.

over a Florida resident in a dispute with a New York corporation would be unreasonable and would offend traditional notions of fair play and substantial justice. Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(2).

### C. Venue is Improper – Mr. Huss Resides in the Southern District of Florida.

Additionally, dismissal of this case is required pursuant to Rule 12(b)(3), as this is an improper venue to sue Huss. 28 USC § 1391(b) states, "A civil action may be brought in (1) a judicial district **in which any defendant resides**, if all defendants are residents of the State in which the district is located; (2) a judicial district in which **a substantial part of the events or omissions giving rise to the claim occurred** or a substantial part of property that is the subject of the action is situated.; or (3) **if there is no district in which an action may otherwise be brought as provided in this section,** any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. §1391(b). An individual is deemed to reside in the judicial district in which that person is domiciled. 28 U.S.C. §1391(c).

It is undisputed that Mr. Huss is an individual defendant residing in Florida. Specifically, Mr. Huss resides in the Southern District of Florida. (*See* **Exhibit 2**, Huss Declaration). Further, as set forth above, none of the alleged events or omissions giving rise to Plaintiff's alleged claim (i.e., the entering into an online contract, the alleged internet postings, and the alleged solicitation of clients) occurred in Nevada. Moreover, alternative venues exist (i.e., the Southern District of Florida, where Mr. Huss resides) for Plaintiff to litigate its claim. As a result, venue in Nevada is inappropriate, and this case should be dismissed. Alternatively, this Court could transfer this case to the Southern District of Florida, where Mr. Huss resides.

### IV. CONCLUSION.

The pleadings demonstrate that Mr. Huss has not formed any contacts, engaged in any activities or business activities, or otherwise purposefully availed himself to the jurisdiction of Nevada. Exercising jurisdiction over Mr. Huss in this instance would offend traditional

notions of fair play and substantial justice, and this case should be dismissed. Moreover, this case should be dismissed as Nevada is not a proper venue.

Dated this 19th day of June, 2020.

**HAYES | WAKAYAMA**

By  */s/ Dale A. Hayes, Jr., Esq.*
    Dale A. Hayes, Jr., Esq.
    Nevada Bar No. 9056
    Liane K. Wakayama, Esq.
    Nevada Bar No. 11313
    4735 S. Durango Drive, Ste. 105
    Las Vegas, Nevada 89147
    *Attorneys for Defendant Scott M. Huss*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 19th day of June, 2020.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      /s/ Julia Rodionova
An employee of Hayes Wakayama